For plaintiff: E. C. Stiness, F. H. O'Brien.

For defendant: Leon Semonoff.

Anita G. Brown }
vs. } No. 73683.
Charles W. Greene }

April 29, 1929.

CAPOTOSTO, J. In this case the plaintiff brought an action of trespass quare clausum against the defendant in his capacity as town treasurer of Warren for damages resulting to the plaintiff's property from the attempted widening of Wood street in that town. The jury returned a verdict for the plaintiff in the sum of $1,750. The defendant moves for a new trial. Among other things he claims that he has discovered new evidence and that the damages are excessive.

On the question of liability, the Court made certain rulings during the course of the trial which are not within its province now to review and disturb. It may be said, however, that the Town of Warren, through its Town Council, Town Solicitor and other specially delegated agents, acted summarily if not in clear disregard of the plaintiff's representations. The attitude reflected at the trial was that of one who, having the power and a fixed determination, proceeds in accomplishing what he has started out to do irrespective of whose rights may be ignored or invaded. The acts complained of were committed with a full knowledge of an existing protest and accomplished at a time and in a way which deprived the plaintiff of any opportunity to have recourse to such proceedings as might have delayed the commission of any wrong. Whether such conduct on the part of the town was the result of hasty legal advice or the reflection of an unhealthy local situation, or both, this Court passes without comment. The fact remains that the property rights of the plaintiff were recklessly invaded and some appreciable damage done to the soil and the structures thereon. Upon the evidence and according to the law as construed by the Court, there is no doubt of defendant's liability.

The affidavits filed in support of the ground of newly discoverd evidence in defendant's motion for a new trial do not fall within the rule for such evidence. The facts therein stated are either immaterial to the issue or else represent evidence which the defendant could have had available at the trial by the exercise of the merest foresight.

The question of damages presents a human as well as a legal question. There is no doubt that the town is responsible for actual damages. Whether a municipality is liable for punitive damages under specially aggravated circumstances presents a debatable question of law which finally must be decided by a court of last resort. However, we are not unmindful of the fact that the innocent taxpayers of Warren must ultimately bear the burden of official indiscretion. With this thought in mind, this Court is of the opinion that the plaintiff should recover for her actual damage, estimated with a fair degree of liberality in view of the fact that in this class of cases an exact rule of damages is seldom applicable. Under all the facts in evidence the sum of $900 will adequately repay the plaintiff for the actual damage which the unjustifiable conduct of the defendant caused her. The Court is hereby restricting recovery against the Town of Warren to actual compensation in the hope that in the future its official conduct may not reflect even the appearance of vindictiveness towards the rights of any citizen.

If within 5 days the plaintiff remits all of the verdict in excess of $900, the defendant's motion for a new trial is denied, otherwise it is granted.

For plaintiff: Cooney & Cooney.

For defendant: William M. McSoley.